UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON BALKUM,

                            Plaintiff,
                                                               9:09-CV-0289
v.                                                                 (GLS/TWD)

JOSE GONZALEZ, BEZAZEL WURZBERGER,

                            Defendants.
_____

APPEARANCES:                                                             OF COUNSEL:

JASON BALKUM
Plaintiff pro se
352 Hayward Avenue
Apt. 2
Rochester, NY 14609

HON. ERIC T. SCHNEIDERMAN                          RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

       This pro se civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Gary L. Sharpe, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) to dismiss the complaint for failure to prosecute. (Dkt. No. 61.) Plaintiff has not opposed the motion. For the reasons that follow, I recommend that the Court deny Defendants' motion to dismiss.

**I.      BACKGROUND**

In this action, Plaintiff Jason Balkum claims that Defendants Jose Gonzalez and Bezazel Wurzberger[1] deprived Plaintiff of his due process rights under the Fourteenth Amendment to the U.S. Constitution by civilly confining him to the Central New York Psychiatric Center. (Dkt. No. 1 ¶¶ 2-3.)

On July 23, 2013, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 59.) In that Order, the Court directed Plaintiff to comply with his mandatory disclosure obligations. *See id.* at 1-2. The Court ordered Plaintiff to provide materials to Defendants including, but not limited to, documents that Plaintiff may use to support his claims, correspondence and grievances related to Plaintiff's request for administrative remedies, and any other complaints related to the issues raised in the instant complaint. *Id.*

Also in the Mandatory Pretrial Discovery and Scheduling Order, the Court granted Defendants leave to take Plaintiff's deposition. *Id*. at 3. The Order stated that:

> Defense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery] . . . . The failure of the plaintiff[] to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37.

*Id.* at 3-4.

Prior to the Court's issuance of the Mandatory Pretrial Discovery and Scheduling Order

---

[1] Former Defendants Donald Sawyer, Peter Hanmer, Nikihili Nihalani, and Joanne Winslow were terminated from the action on October 4, 2010. (Dkt. No. 42.)

on July 23, 2013, there had been uncertainty as to whether Plaintiff's address was 352 Hayward Avenue, Apartment 1, Rochester, New York 14609, or 352 Hayward Avenue, Apartment 2, Rochester, New York 14609 (hereinafter "Apartment 1" and "Apartment 2," respectively). The docket currently states the Plaintiff's address is Apartment 2. However, an examination of the record indicates that Plaintiff's correct address is Apartment 1.

On July 22, 2009, mail sent to Plaintiff at Apartment 2 was returned to the Clerk of the Court's Office as undeliverable. (Dkt. No. 22.) On September 20, 2012, Plaintiff sent a letter to the Court with a return address of Apartment 1. (Dkt. No. 53.) On October 22, 2012, Plaintiff filed a letter with the Court of Appeals for the Second Circuit with a return address of Apartment 1. (Dkt. No. 61-3.)

On May 1, 2013, defense counsel sent a letter to Plaintiff at both Apartment 1 and Apartment 2. (Dkt. Nos. 61-1 ¶ 5 n.1, 61-4 at 2.) Defense counsel sent this letter via three methods: (1) UPS Next Day Air; (2) certified mail return receipt requested; and (3) regular mail. (Dkt. Nos. 61-1 ¶ 5 n.1, 61-4 at 3-5.) Defense counsel received receipts for the certified mailings and UPS deliveries and the regular mailings were not returned by the Post Office. (Dkt. Nos. 61-1 ¶ 5 n.1, 61-4 at 3-5.) Also on May 1, 2013, in a telephone call, Plaintiff told defense counsel that Plaintiff's address was Apartment 1. (Dkt. Nos. 61-1 ¶ 5 n.1.)

On May 20, 2013, defense counsel emailed a stipulation to Plaintiff for his signature but mistakenly put Plaintiff's address as Apartment 2 in the stipulation. (Dkt. Nos. 61-1 ¶ 5 n.1, 61-5, 61-6.) Plaintiff changed the address on the stipulation to Apartment 1, signed the stipulation, and sent it back to defense counsel. (Dkt. Nos. 61-1 ¶ 5 n.1, 61-7.) Lastly, on June 21, 2013, approximately one month before the Court issued the Mandatory Pretrial Discovery and

Scheduling Order, Plaintiff executed another stipulation that reflected his address as Apartment 1. (Dkt. No. 61-8.)

On July 25, 2013, Defendants served a notice of deposition on Plaintiff. (Dkt. No. 61-2.) The notice of deposition was served on Plaintiff at Apartment 1. *Id.* at 3. The deposition was scheduled for October 8, 2013, at the Attorney General's Office in Albany, New York. *Id*. at 2. On September 20, 2013, defense counsel filed a notice of compliance with mandatory discovery. (Dkt. No. 60.)

On September 27, 2013, having not yet received Plaintiff's response to paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order, Defendants wrote to Plaintiff and advised him of the documents he was directed to produce and notified him that he had failed to comply with paragraph I(A) of the Mandatory Pretrial Discovery and Scheduling Order. (Dkt. Nos. 61-1 ¶ 7, 61-9 at 2.) Defendants sent the letter to Plaintiff at Apartment 1. (Dkt. No. 61-9 at 2.) In this letter to Plaintiff, Defendants stated:

> Should you fail to comply with paragraph I(A) of the mandatory pretrial discovery and scheduling order within five days, this office will seek appropriate judicial intervention including, but not limited to, a motion to dismiss the complaint for failure to prosecute.

*Id.* at 3.

Plaintiff did not comply with paragraph I(A) of the Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 61-1 ¶ 8.) Plaintiff also failed to appear for his deposition. *Id.* ¶ 9. He did not contact defense counsel to advise him that he would not appear. *Id*. ¶ 10.

Defendants now move to dismiss the action for Plaintiff's failure to appear at his deposition and for Plaintiff's failure to comply with paragraph I(A)(1) of the Mandatory Pretrial

Discovery and Scheduling Order. (Dkt. No. 61.) Plaintiff has not opposed the motion.

## II. ANALYSIS

Defendants move under Federal Rules of Civil Procedure 37(b) and 41(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition and as a sanction for Plaintiff's failure to comply with paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 61.)

The difference between dismissals under Rule 37(b) and Rule 41(b) is small. *Pena v. Chocolate*, No. 10 Civ. 4067(BSJ)(KNF), 2012 U.S. Dist. LEXIS 128676, at *7, 2012 WL 3957474, at *3 (S.D.N.Y. Sept. 10, 2012).[2] The Second Circuit has recognized that the two rules are guided largely by the same analysis. *See, e.g.*, *Peters–Turnbull v. Bd. of Educ.*, 7 F. App'x 107, 110 (2d Cir. 2001) (quoting the district court and noting that "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37").

Under Rule 37(b), if:

> a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[2] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Fed. R. Civ. P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A court may consider several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global Naps, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a pro se litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

### A. Plaintiff's Failure to Attend His Deposition

Defendants move to dismiss because of Plaintiff's failure to appear at his scheduled deposition. (Dkt. No. 61-10.) Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted). Here, the Court's Order was clear, there is no indication that Plaintiff did not understand the Order, and Plaintiff has not advised the Court that his failure to appear was due to

factors beyond his control.

Here, the Court was clear in the Mandatory Pretrial Discovery and Scheduling Order that Plaintiff's failure to attend his deposition may result in sanctions. In the Order, the Court stated that the "failure of the plaintiff[] to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (Dkt. No. 59 at 4.) Thus, the Court's Order concerning Plaintiff's obligation to attend his deposition was clear.

The Court also finds that Plaintiff's failure to attend his scheduled deposition was not due to factors beyond his control. As discussed in the Background Section, *supra*, prior to the Court's issuance of the Mandatory Pretrial Discovery and Scheduling Order, there had been ongoing confusion as to whether Plaintiff's address was Apartment 1 or Apartment 2. The record indicates that Plaintiff's address is in Apartment 1.[3] Despite this initial confusion as to Plaintiff's address, Defense counsel mailed the notice of deposition to Plaintiff's correct address at Apartment 1. (Dkt. Nos. 61-1 ¶ 5, 61-2 at 3.) Thus, it cannot be said that Plaintiff did not receive the notice of deposition. Plaintiff has not opposed this motion and thus has not indicated that any other factors beyond his control prevented him from attending his deposition. Therefore, the Court finds that Plaintiff's failure to attend his deposition was willful. Accordingly, the first factor weighs in favor of dismissal.

Regarding the second factor, the duration of the noncompliance weighs against dismissal. Courts frequently dismiss complaints when the noncompliance delay totals several months or

---

[3] The Clerk is directed to correct the docket to reflect that Plaintiff lives at Apartment 1.

years. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal where six months elapsed between scheduling order and the plaintiff's third scheduled deposition, at which he failed to appear); *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal); *but cf. Santiago v. Johnson*, Case No. 9:11-CV-00635 (LEK/TWD) Dkt. No. 25 at 8 (finding that plaintiff's noncompliance for fewer than six months weighed against dismissal).

Here, the Court issued the Mandatory Pretrial Discovery and Scheduling Order on July 23, 2013, and Plaintiff failed to appear for his scheduled deposition on October 8, 2013. This is a period of noncompliance of only two months and fifteen days. Therefore, this factor weighs against dismissal.

Regarding the third factor, the Court cautioned Plaintiff as to the consequences of his noncompliance. The Court advised Plaintiff of his duty to appear at his deposition. (Dkt. No. 59

at 3-4.) However, in their notice of deposition, Defendants omitted the customary language that notifies the deponent of the consequences for failing to appear for his or her deposition. This omission is considered in determining the outcome of the third factor. The deposing party, in its notice of deposition, typically reminds the deponent that he or she could be subject to sanctions. *See, e.g.*, *Santiago v. Johnson*, Case No. 9:11-CV-00635 (LEK/TWD), Dkt. No. 25 at 2 (discussing notice of deposition sent from Attorney General's Office to pro se plaintiff wherein the notice provided that if the plaintiff failed to attend the deposition, he could be subject to sanctions "including dismissal"). The inclusion of such a reminder is even more vital when the notice of deposition is being sent to a pro se litigant. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d. Cir. 2010) (observing that "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants").

Here, the Court was clear in the Mandatory Pretrial Discovery and Scheduling Order that Plaintiff's failure to attend his deposition may result in sanctions, but Defendants did not reinforce this warning in their notice of deposition. The tension between these two facts is resolved by recalling that the operative inquiry for this third factor asks "whether the non-compliant party had been warned of the consequences of noncompliance." *Valentine*, 29 F.3d at 50. The inquiry performed for this third factor is different than the inquiry performed for the first factor. Regarding the first factor—the willfulness of the noncompliance—the inquiry turns on whether "the *court's* orders have been clear." *Handwerker*, 211 F.R.D. at 209 (emphasis added). Thus, in determining this third factor, *who* cautioned the Plaintiff as to the consequences of noncompliance, the Court or the party alleging noncompliance, is not given dispositive weight. Rather, that the Plaintiff was warned, regardless of by whom, is sufficient. Here, Plaintiff was

9

warned as to the consequences of his noncompliance. Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the lack of any lesser sanctions prior to this motion to dismiss weighs against dismissal. Dismissal should be granted only for those cases where plaintiffs' faults are "flagrant, intentional, and wilfull." *Carmona v. Wright*, 233 F.R.D. 270, 275 (N.D.N.Y. 2006) (citing *Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997)). Absent that, courts will impose other sanctions, such as ordering noncomplying parties to reimburse complying parties for expenses incurred as a result of a failure to appear at a deposition. *See, e.g.*, *LeGrande v. Adecco*, 233 F.R.D. 253, 258 (N.D.N.Y. 2005) (finding that sanctions for the noncomplying plaintiff to repay the defendant's deposition costs were more appropriate than dismissal "when there are other remedies that can be exercised"). This Court has not previously imposed lesser sanctions on Plaintiff. Namely, this Court has not issued an order requiring Plaintiff's appearance at a deposition on a specific date and time, nor has this Court ordered Plaintiff to reimburse Defendants for any costs that may have been incurred for failing to appear at his deposition. In fact, Defendants do not argue that they incurred the costs of the deposition due to Plaintiff's failure to appear. Therefore, this factor weighs against dismissal.

Weighing the factors with the special solicitude that must be granted to pro se litigants, dismissal is unwarranted in this case. Therefore, I recommend that the Court deny Defendants' motion to dismiss without prejudice and, instead, that the Court compel Plaintiff to participate in another deposition, as this sanction is reasonable and promotes substantial justice.

B.   **Plaintiff's Failure to Comply with Paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order**

Defendants also move to dismiss because of Plaintiff's failure to comply with paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 61.) Regarding the first factor, the record indicates that Plaintiff's noncompliance with paragraph I(A)(1) of the Mandatory Pretrial and Scheduling Order was willful. The Court's Order was clear, and there is no indication that Plaintiff did not understand the Order. Accordingly, I find that Plaintiff's failure to comply with paragraph I(A)(1) of the Mandatory Pretrial and Scheduling Order was willful. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the duration of the noncompliance weighs against dismissal. As discussed above, courts frequently dismiss complaints when the noncompliance delay totals several months or years. Here, the Court issued the Mandatory Pretrial Discovery and Scheduling Order on July 23, 2013. (Dkt. No. 59.) The Court directed Plaintiff to comply with the Order within sixty days. *Id.* at 1. Thus, Plaintiff had until September 23, 2013, to comply. Defendants moved to dismiss on October 8, 2013 (Dkt. No. 61.) This period of noncompliance is far shorter than those in the decisions dismissing cases for failing to prosecute cited above. Therefore, this factor weights against dismissal.

Regarding the third factor, the Court did not caution Plaintiff as to the consequences for his potential noncompliance with paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order. As discussed *supra*, the Court did caution Plaintiff as to the repercussions for failing to appear at his deposition. The Order, however, did not include language cautioning Plaintiff about the consequences of failing to provide the mandatory disclosures. Failing to

appear at one's deposition and failing to comply with the Court's orders directing mandatory disclosure are separate and distinct. Inclusion of the former cannot substitute for absence of the latter. If the Court's Order were the only source of cautionary language, this factor would weigh against dismissal.

However, on September 27, 2013, when Defendants had not yet received Plaintiff's response to paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order, Defendants sent a letter to Plaintiff at Apartment 1 notifying him that they had not yet received Plaintiff's response. (Dkt. No. 61-9 at 2-3.) In this letter, Defendants warned Plaintiff that if he failed to comply with paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order, Defendants would seek "appropriate judicial intervention including, but not limited to, a motion to dismiss the complaint for failure to prosecute." *Id.* at 3. Defendants were clear in this correspondence that Plaintiff's failure to comply with the Court's Order may result in dismissal of Plaintiff's complaint. Thus, Plaintiff was warned of the consequences of non-compliance. Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the lack of any lesser sanctions prior to this motion to dismiss weighs against dismissal. Defendants have not moved for an order to compel disclosure and aside from its initial Mandatory Pretrial Discovery and Scheduling Order, this Court has not specifically ordered Plaintiff to produce the mandatory disclosures. Therefore, this factor weighs against dismissal.

Weighing the factors with the special solicitude that must be granted to pro se litigants, dismissal is unwarranted in this case. Therefore, I recommend that the Court deny Defendants' motion to dismiss without prejudice and, instead, that the Court compel Plaintiff to comply with

paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order, as this sanction is reasonable and promotes substantial justice.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court deny Defendants' motion to dismiss (Dkt. No. 61) without prejudice but compel Plaintiff to participate in another deposition and to comply with paragraph I(A)(1) of the Mandatory Pretrial Discovery and Scheduling Order; and it is further

**ORDERED** that the Clerk correct the docket to reflect that Plaintiff lives at Apartment 1; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Pena v. Chocolate*, No. 10 Civ. 4067(BSJ)(KNF), 2012 U.S. Dist. LEXIS 128676, 2012 WL 3957474 (S.D.N.Y. Sept. 10, 2012).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.


Dated: April 21, 2014
   Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge